E-FILED
Friday, 18 May, 2012 03:20:06 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DARRYL W. REYNOLDS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )   12-CV-3076 |
| | ) |
| IDOC AND DIRECTOR OF IDOC, | ) |
| | ) |
|     Defendants. | ) |

<u>OPINION</u>

SUE E. MYERSCOUGH, U.S. District Judge:

This case was transferred to this Court from the Northern District of Illinois. Plaintiff, proceeding pro se and currently incarcerated in Winnebago County Jail, pursues claims arising from his alleged incarceration beyond his release date. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

LEGAL STANDARD

The Court is required by § 1915A to review a Complaint filed by a prisoner against a governmental entity or officer and, through such

1

process, to identify cognizable claims, dismissing any claim that is "frivolous, malicious, or fails to state a claim upon which relief may be granted." A hearing is held if necessary to assist the Court in this review, but, in this case, the Court concludes that no hearing is necessary. The Complaint and its attachments are clear enough on their own for this Court to perform its merit review of Plaintiff's Complaint.

The review standard under § 1915A is the same as the notice pleading standard under Federal Rule of Civil Procedure 12(b)(6). Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000). To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007), *quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation omitted). The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative

level.'" Id., *quoting* Bell Atlantic, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), *citing* Bell Atlantic, 550 U.S. at 555-56. However, pro se pleadings are liberally construed when applying this standard. Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

## ANALYSIS

Plaintiff, currently incarcerated in Winnebago County Jail, alleges that he was held in prison past his release date because the IDOC did not give him enough credit due for jail time. He seeks damages.

As the transferring Court stated, Plaintiff may arguably proceed on this claim under 42 U.S.C. § 1983 because he is apparently no longer serving time for that conviction. *See* Simpson v. Nickel, 450 F.3d 303, 307 (7th Cir. 2006)("Only after the custody is over may the prisoner use

§ 1983 to seek damages against persons who may have been responsible [for the illegal custody]; indeed, the § 1983 claim does not accrue until the custody ends."). A former inmate's claim that he was incarcerated longer than he should have been arguably states a claim under the Eighth Amendment. Burke v. Johnston, 452 F.3d 665, 669 (7th Cir. 2006); Campbell v. Peters, 256 F.3d 695, 700 (7th Cir. 2001). However, a constitutional claim is stated only if a plausible inference arises that Defendants were deliberately indifferent to problem. Burke, 452 F.3d at 669. This means that Defendants must have personally known of a substantial risk that Plaintiff would be kept beyond his release date and deliberately or recklessly failed to take action. *See* id. (citing 3rd Circuit standard).

No plausible inference of deliberate indifference arises based on the current allegations. Plaintiff states only that he did not receive enough credit for jail time served. He does not set forth what efforts he made to alert Defendants of this error, nor how Defendants responded. Further, Defendant "IDOC" cannot be sued for damages because the Eleventh

Amendment bars Plaintiff from recovering money damages against the State. Wynn v. Southward, 251 F.3d 588, 591 (7th Cir. 2001). And, Plaintiff does not list the name of the IDOC Director who was personally responsible for allegedly failing to timely release Plaintiff. Plaintiff's Complaint will be dismissed without prejudice to filing an Amended Complaint with this information.

IT IS THEREFORE ORDERED that Plaintiff's Complaint is dismissed, without prejudice, for failure to state a claim. Plaintiff may file an amended complaint by June 7, 2012 if he believes he can state a claim in accordance with this Opinion. If Plaintiff does not file an amended complaint, this case will be dismissed for failure to state a claim, and a "strike" will be assessed against Plaintiff pursuant to 28 U.S.C. § 1915(g).

ENTERED:     May 18, 2012

FOR THE COURT:

s/Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE